UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANTE EDOARDO DALY,

               Plaintiff,

-against-

WESTCHESTER COUNTY BOARD OF LEGISLATORS,

               Defendant.

19-CV-4642 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

    Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this complaint asserting disability discrimination claims against his former employer. (ECF No. 2.) Plaintiff alleges that he was denied reasonable accommodations, and unlawfully fired on March 1, 2018. (*Id.*) He has moved to proceed in this matter under seal. (ECF Nos. 2 at 17, 5, 6.) Plaintiff asserts:

> I am requesting the Federal Judge to designate this case as a wholly, completely sealed case, 100% sealed. I am asking for a sealed case, 100% redacted, in order to shield my six-year old son from the additional harm already done to him by the malicious March 1, 2018 action of the Westchester County Board of Legislators. There is sensitive information that I will need to state in Federal Court regarding the impact on my family of this public attack on our dignity. Children of the age of 6 — my child — do not have "tough skin" to emotionally handle such unwelcome turmoil.

(ECF No. 2 at 17.)

    Plaintiff states that if the motion is denied, he wishes to voluntarily withdraw this action under Federal Rule of Civil Procedure 41(a).

    Generally, the common law and the First Amendment protect the public's right of access to court documents, but this right of access is not absolute. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004). A party seeking the sealing of court documents must overcome a strong presumption in

favor of public access to judicial records. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006); *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

While sympathetic to Plaintiff's concern about the potential impact of the litigation on his child, the Court concludes that Plaintiff has not made a showing sufficient to overcome the presumption favoring public access to judicial records. Accordingly, the Court declines to seal the entire docket of this case. Should Plaintiff wish to proceed with this matter, however, the Court would consider limiting access to those documents that contain sensitive information. Plaintiff would be required, however, to show that the need for any such a restriction outweighs the strong presumption in favor of public access.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

The Court grants Plaintiff thirty days to notify the Court whether he wishes to proceed with this matter unsealed, or voluntarily withdraw it. If Plaintiff fails to respond to this order, the matter will be dismissed under Rule 41(a).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: June 6, 2019
         New York, New York

                                                  _/s/ Louis L. Stanton_
                                                      Louis L. Stanton
                                                          U.S.D.J.