UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANTE EDOARDO DALY,

                              Plaintiff,

            -against-

WESTCHESTER COUNTY BOARD OF
LEGISLATORS,

                              Defendant.

**<u>ORDER</u>**

19-CV-04642 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, proceeding *pro se* and *in forma pauperis*, alleges that Defendant discriminated against him in violation of, *inter alia*, the Americans with Disabilities Act. (*See* Doc. 35; Doc. 56). By letter dated January 29, 2021, Plaintiff filed a letter requesting that the Court "extend [his] presence on Westchester County Payroll" so that the New York State and Local Retirement System could process Plaintiff's application for disability retirement. (Doc. 61). According to Plaintiff, he was terminated on March 1, 2018, his last day on County payroll was April 6, 2018, and he was required to make his application for disability retirement within ninety days thereafter. (*Id.*). Plaintiff failed to make his application within the required timeframe and his application was denied; he now seeks an Order from the Court directing the County to restore him to its payroll. (*Id.*). The Court construes the request as one for injunctive relief.

After securing an extension of time within which to serve and file its response, Defendant filed a letter outlining its opposition to Plaintiff's request on February 23, 2021. (Doc. 68).

For the reasons that follow, Plaintiff's request is DENIED.

## ANALYSIS

In order to prevail on a motion for a preliminary injunction, Plaintiff must "show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits *or* sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor." *Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008); *see also Patrick v. Local 51, Am. Postal Workers Union, AFL-CIO*, No. 19-CV-10715, 2020 WL 703392, at *2 (S.D.N.Y. Feb. 11, 2020) (same). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

At this juncture—assuming that the Court even has jurisdiction to grant the relief Plaintiff seeks—Plaintiff has not established a likelihood of irreparable harm, a likelihood of success on the merits, or the existence of serious questions going to the merits of his claims and a balance of hardships tipping in his favor. The application is therefore DENIED.

**SO ORDERED:**

Dated:   White Plains, New York
        March 3, 2021

_____
PHILIP M. HALPERN
United States District Judge