Motion denied without prejudice to renew.

Based upon the text of Plaintiff's submission, it appears Plaintiff intended to file a motion for summary judgment. Such a motion is typically made at the close of discovery. Should Plaintiff wish to make a motion for summary judgment at that stage, he must comply with Rules 2(C) and 4(E) of this Court's Individual Practices.

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 88.

SO ORDERED.

_____
Philip M. Halpern
United States District Judge

Dated: White Plains, New York
       March 31, 2021

DISTRICT COURT
ICT OF NEW YORK

PLAINTIFF'S MOTION FOR
SUPPLEMENTAL ADJUDICTION
19-CV-4642-(LLS)

D COURT:

**NOTICE OF MOTION**

PLEASE TAKE NOTICE, that upon the annexed affirmation of Plaintiff dated April __, 2021 the accompanying Memorandum of Law, and all pleadings and proceedings heretofore had herein, Plaintiff Daly will move this Court for an Order granting Plaintiff's Summary Adjudication pursuant to Fed.R.Civ.P. 56(d), together with such other and further relief as this Court may deem just and proper.

The court's duty under Rule 56(d) is to narrow the scope of the pending trial. "Rule 56(d) does not authorize the entry of a judgment on part of a claim or the granting of partial relief, however. It simply empowers the court to withdraw sham issues from the case and to specify those facts that really cannot be controverted." Wright & Miller, *Federal Practice and Procedure* § 2737 (footnotes omitted). In this way, Rule 56(d) has been compared to a pretrial order under Rule 16. *Id*.

A "party against whom a claim . . . is asserted . . . may at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. P. 56(b). ***A court must grant summary judgment if the pleadings and supporting documents, when viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."*** Fed. R. Civ. P. 56(c). [emphasis added] An issue as to any material fact is only "genuine" if the evidence

1

regarding the disputed fact is "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient [to preclude summary judgment]; there must be evidence on which the jury could reasonably find for the [non-movant]." *Id*.

PLEASE TAKE FURTHER NOTICE, that pursuant to C.P.L.R. § 2241(b) and the Uniform Rules of the Trial Courts of the State of New York § 202.8(c), answering affidavits, if any, are to be served upon the undersigned at least seven (7) days prior to the return date of this Motion.

Dated: _____,

_____
Dante E. Daly, *Pro Se*