UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANTE EDOARDO DALY,

           Plaintiff,

-against-

WESTCHESTER COUNTY BOARD OF LEGISLATORS,

           Defendant.

**ORDER**

19-CV-04642 (PMH)

PHILIP M. HALPERN, United States District Judge:

On March 29, 2021, Plaintiff Dante Edoardo Daly ("Plaintiff") filed a motion seeking: (1) reconsideration of the March 26, 2021 Order denying his request to have Kenn Goldblatt ("Goldblatt"), a lay person, represent him in this matter as an "ADAAA Advocate;" or (2) in the alternative, appoint him a "next friend" under Federal Rule of Civil Procedure 17(c). (Doc. 85, "Mot."). Defendant, Westchester County Board of Legislators, opposed the motion by letter dated April 2, 2021. (Doc. 98).

Turning first to the issue of reconsideration, such a motion "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)). It is appropriate to grant a motion for reconsideration only if the movant points to "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id*. at 376 (quoting *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "Reconsideration . . . is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365

(S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (noting that the "[t]he standard for granting [a reconsideration] motion is strict . . . .").

Plaintiff's submission fails under this standard; it points to no controlling law or data that was overlooked, no intervening change in controlling law, no new evidence, and does not explain the need to correct clear error or prevent manifest injustice. (*See generally* Mot.). Rather, the filing—to the extent its roughly twelve sentences concern reconsideration as opposed to the request under Federal Rule of Civil Procedure 17—seeks simply "to relitigate an issue already decided." *Henderson*, 502 F. Supp. 2d at 376 (quoting *Shrader*, 70 F.3d at 257). At most, Plaintiff argues that the Court erred in denying his request to have Goldblatt represent him without accepting Goldblatt's proposed *amicus curiae* brief. (Mot. ¶¶ 2-4). This is not a reason to grant Plaintiff's motion for the extraordinary relief of reconsideration.[1] This request is, accordingly, denied.

As for the second issue, Plaintiff requests that the Court appoint Goldblatt as his "next friend" under Federal Rule of Civil Procedure 17(c). (Mot. ¶¶ 4-7). "'Next friend' standing is a procedural mechanism by which a lawsuit is prosecuted or defended by someone other than the real party in interest." *Gudavadze v. Kay*, 556 F. Supp. 2d 299, 301 n.2 (S.D.N.Y. 2008) (quoting *Adem v. Bush*, 425 F. Supp. 2d 7, 11 n.6 (D.D.C. 2006)). Rule 17(c)(2) provides, in full:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian

---

[1] It bears noting that the Court has "broad discretion" in determining whether to permit an individual to appear as an *amicus curiae* in a particular case. *Picard v. Greiff*, 797 F. Supp. 2d 451, 452 (S.D.N.Y. 2011) (citing *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992)). Moreover, Goldblatt—an individual Plaintiff has retained—did not offer a point of view unavailable from the parties and, instead of being a "friend of the court," sought to advocate for one side. *See, e.g., S.E.C. v. Bear, Stearns & Co. Inc.*, No. 03-CV-2937, 2003 WL 22000340, at *5-6 (S.D.N.Y. Aug. 25, 2003); *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994); *Ahmed*, 788 F. Supp. at 198 n.1; *United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991). In any event, even if the Court considered the brief—which was filed without leave (Doc. 84-1; *see also* Doc. 87; Doc. 90)—it would not change the Court's conclusion.

> ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

According to the Second Circuit, "[w]hat the rule undoubtedly contemplates is that form of mental deficiency which . . . affects the person's practical ability to manage his or her own affairs." *Perri v. City of New York*, 350 F. App'x 489, 490 (2d Cir. 2009) (quoting *Hudnall v. Sellner*, 800 F.2d 377, 385 (4th Cir. 1986)). The Court's "duty to appoint a guardian ad litem or make such order as it deems proper[] is triggered by actual documentation or testimony of mental incompetency." *Id*. at 491 (internal citations and quotation marks omitted). "Such documentation may consist of a judgment from a court of record, or verifiable evidence from a mental health professional demonstrating that [the party is] being treated for mental illness of the type that would render [him] legally incompetent." *Cannon v. Port Auth. of New York & New Jersey*, No. 15-CV-4579, 2020 WL 6290665, at *2 (S.D.N.Y. Oct. 27, 2020) (alterations in original, internal citations and quotation marks omitted); *see also Lewis v. Newburgh Hous. Auth.*, 692 F. App'x 673, 674 (2d Cir. 2017) (noting that the duty to appoint a representative exists only with "actual documentation or testimony of the pro se litigant's mental incompetency" (internal quotation marks omitted)); *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003).

Here, Plaintiff offers no evidence, aside from conclusory allegations, to support the idea that he—who has litigated this matter through motion practice and into discovery—is unable to manage his own affairs. This request is denied as well.

**SO ORDERED:**

Dated: White Plains, New York
May 19, 2021

_____
PHILIP M. HALPERN
United States District Judge

3